E-Filing

CALL, JENSEN & FERRELL
A Professional Corporation
SCOTT J. FERRELL, ESQ., - Bar No. 202091
DAVID R. SUGDEN, ESQ., - Bar No. 218465
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Telephone No.: (949) 717-3000
Facsimile No.: (949) 717-3100
e-mail: dsugden@calljensen.com

Attorneys for Defendant Nortel Networks Corporation

FILED
JAN 27 2006

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| TIMES NETWORKS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>NORTEL NETWORKS CORPORATION, DOES 1 TO 10, INCLUSIVE.<br><br>Defendants | Case No. C06-00532<br><br>[BY FAX]<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441**<br><br>**(DIVERSITY JURISDICTION)**<br><br>[Filed concurrently with Declarations of Scott J. Ferrell and Gordon Davies In Support Thereof and Certification of Notice of Interested Parties]<br><br>Complaint Filed: November 3, 2005<br>Trial Date: None Set |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. Section 1441, defendant Nortel Networks Corporation ("NNC"), hereby removes to the United States

1  District Court for the Northern District of California the state court action described
2  below. This removal is based on diversity grounds pursuant to 28 U.S.C. sections 1332
3  and 1441.

## I. JURISDICTION AND TIMELINESS

1.  On November 3, 2005, Plaintiff Times Networks, Inc. ("Times") filed a lawsuit against NNC in Santa Clara County Superior Court, Case No. 105CV051783. On or about December 28, 2005, Times effectuated services, however, on Nortel Networks Incorporated ("NNI"). *See* Summons, Proof of Service (both stating that "Nortel Networks, Inc. [was] erroneously sued as Nortel Networks Corporation"), and Complaint attached as Exhibits "A," "B," and "C" to Declaration of Scott J. Ferrell ("Ferrell Decl.").

2.  This Court has original jurisdiction of this action, pursuant to 28 U.S.C. Sections 1332 and 1441, because: (1) this is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### A. Factual Background[1]

1.  The gravamen of the Complaint is that Times and NNC[2] formed an oral partnership agreement to jointly take part in bidding a project in China known as the Northern-Henan Communication Project of the Henan Electricity Power Bureau. As a result of the partnership, NNC was awarded a contract on the Henan Project and Times was paid 26% of the contract price in accordance with the agreement between Times and NNC. Over the course of the next few years, Times and NNC did several other deals together, each resulting in NNC being awarded a contract and Times being paid a

---
[1] For purposes of this Notice, all substantive allegations are presumed true.
[2] And/or NNI.

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

NOR02-08:180842_1:1-27-06
- 2 -
NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441

1  percentage of the contract price. In July 2003, Times assisted NNC in bidding for the
2  Central China Grid Company Optical Fiber Transmission Network SDH
3  Communication Equipments Project ("SDH"). In November 2003, NNC provided
4  Times with a "Manufacturer Authorization Letter" authorizing Times to carry out
5  technology and business negotiations during the bidding process for this project, and to
6  sign supply contracts for the sale for the SDH project. Based on NNC's authority,
7  Times focused its resources on the SDH project as the critical component of NNC's
8  presence in China. NNC prepared bidding documents and technical documents, and
9  Times handled the customer relationships with the Central China Grid Company with
10 its expertise and experience in China. NNC was the successful bidder on the SDH
11 contract. However, NNC did not pay Times a percentage of the contract price as it
12 had on previous deals between the parties.

### B. Diversity Jurisdiction Is Present

1. This Court has original jurisdiction of this civil action, pursuant to 28 U.S.C. Sections 1332 and 1441, because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. In this action, complete diversity is present. Although Times alleges "on information and belief" that NNC is a California corporation, the reality is that NNC is a Canadian corporation. Declaration of Gordon Davies ("Davies Decl.) ¶ 2. NNC is a holding company with no employees. Davies Decl., ¶ 3. NNC conducts business in the United States, including California, through subsidiaries such as NNI. Davies Decl., ¶ 5. NNI is incorporated under the laws of Delaware with its principal place of business in Richardson, Texas. Davies Decl., ¶¶ 6, 7.

27 ///
28 ///

3. Under Ninth Circuit law, a company's principal place of business is determined using one of two tests: the "place of operations" test and the "nerve center test." *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001). Under either test, Richardson, Texas is NNI's principal place of business.

4. The "place of operations" test locates a corporation's principal place of business in the state that "contains a substantial predominance of corporate operations." *Id.* "Substantial predominance . . . requires only that the amount of [the] corporation's activity in one state be significantly larger than any other state in which the corporation does business." *Tosco*, 236 F.3d at 500. NNI's business activities in Richardson, Texas "substantially predominate" its business activities compared to any other state. Davies Decl., ¶ 7.

5. Under "the nerve center test," a corporation's principal place of business is located "in the state where the majority of its executive and administrative functions are performed." *Tosco*, 236 F.3d at 500. The majority of NNI's executive and administrative functions are located in Richardson, Texas. Davies Decl., ¶ 7.

6. Accordingly, neither NNC nor NNI is a citizen of California. Davies Decl., ¶ 7. Times, by contrast, is a California Corporation with its principal place of business in San Francisco, California. Pl.'s Complaint, ¶ 1.

7. The "amount in controversy" requirement is also satisfied in this case. Times alleges that NNC owes it $700,000 in actual damages and $1,000,000 in consequential damages - well in excess of $75,000. Pl.'s Compl. (Prayer for Relief), ¶¶ 1-3. (e.g., Plaintiff prays "[f]or damages in the sum of $700,000.00 or in an amount according to proof at trial.").

///

## II. PROCESS, PLEADINGS AND ORDERS

1. Other than the Summons and Complaint, no other process, pleadings or orders have been served on NNC in this action, nor have any further proceedings taken place.

## III. VENUE

1. Defendants are required to remove the underlying state court action to this Court pursuant to 28 U.S.C. § 1441(a), because the United States District Court for the Northern District of California (San Jose Division) embraces Santa Clara County and the suit was originally filed in Santa Clara County, California.

## IV. NOTICE

1. Promptly after filing this Notice of Removal, NNC will give written notice of this pleading to Times and will file a copy of this Notice with the Superior Court of Santa Clara County, State of California.

## V. CONCLUSION

1. For the reasons set forth above, NNC is entitled to remove Times' original action in the Superior Court of the State of California, Santa Clara County from that state court to this Court.

Dated: January 27, 2006

CALL, JENSEN & FERRELL
A Professional Corporation

By: _____
Scott J. Ferrell

Attorneys for Defendant Nortel Networks Corporation

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On January 27, 2006, I served the foregoing document described as **Notice of Removal of Action Pursuant to 28 U.S.C. § 1441 (Diversity Jurisdiction)** on the following person(s) in the manner indicated:

## SEE ATTACHED SERVICE LIST

[X] (BY MAIL) I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

[ ] (BY FEDEX) I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by FedEx that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by FedEx with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by FedEx at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

[X] (BY FACSIMILE TRANSMISSION) On this date, at the time indicated on the transmittal sheet, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

[XX] (FEDERAL) I declare that I am employed in the offices of a member of this Court at whose direction the service was made.

EXECUTED on January 27, 2006, at Irvine, California.

*Barbara Anderson*
Barbara Anderson

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

i

PROOF OF SERVICE

## SERVICE LIST

| | |
|---|---|
| Neil Ison, Esq.<br>Ison Law Offices<br>160 West Santa Clara Street<br>Tenth Floor, Suite 1050<br>San Jose, CA 95113<br>Fax: (408) 286-3602<br>Tel: (408) 286-3070 | **Attorneys for**<br><br>**Plaintiff, Times Networks, Inc.** |