**E-FILED on**   7/7/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TIMES NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NORTEL NETWORKS CORPORATION; DOES 1 TO 10, <br><br> Defendants. | No. C-06-00532 RMW <br><br> ORDER GRANTING DEFENDANT NORTEL NETWORKS CORPORATION'S MOTION FOR SUMMARY JUDGMENT <br><br> **[Re Docket No. 7]** |

Defendant Nortel Networks Corporation ("NNC") moves to dismiss all causes of action for failure to state a claim and, alternatively, for summary judgment. For the reasons set forth below, the court grants NNC's motion for summary judgment.

## I. BACKGROUND

On November 3, 2005, plaintiff Times Networks, Inc. filed a complaint against NNC and ten Doe defendants in the Santa Clara County Superior Court. Compl. at 1. Times alleged that both it and NNC were incorporated in California and had their principal places of business here. *Id*. ¶¶ 2-3. According to Times, it and NNC formed an "oral partnership" to cooperate on bidding for communications projects in China, which lasted several years. *Id*. ¶¶ 8-18. NNC paid Times a percentage of the contract value for each such project awarded to NNC. *Id*. ¶ 10-11. However,

after NNC was awarded a certain contract, NNC did not pay Times as Times expected, precipitating this action. *Id.* ¶ 19.

NNC removed the case to this court, claiming that it was a Canadian corporation. Notice of Removal ¶ I.B.2. NNC then moved to dismiss each of Times's causes of action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, to grant NNC summary judgment under Rule 56. Times filed neither an opposition nor a statement of nonopposition, as required by Civil L.R. 7-3(a)-(b).

## II. ANALYSIS

NNC's motion for summary judgment presents a much simpler question than its more complicated, multipart motion to dismiss Times's seven causes of action. The court will therefore rule on the motion for summary judgment and does not reach NNC's arguments that Times's complaint fails to state claims upon which relief may be granted.

Summary judgment is proper when the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FRCivP 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id.* A party moving for summary judgment who does not have the ultimate burden of persuasion at trial has the initial burden of producing evidence negating an essential element of the non-moving party's claims or showing that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

Here, NNC alleges that Times has sued the wrong defendant. NNC claims that it is a holding company with no employees, Davies Decl. ¶ 2, and that it has not conducted any business with Times, Ferrell Decl., Ex. A. NNC has produced evidence that NNC never paid any money to Times, Stout Decl. ¶ 2, and that the individuals identified by Times as having been involved in the events leading up to this action are employees of entities other than NNC: Nortel Networks (Asia) Limited and Nortel Networks (China) Limited, Cox Decl. ¶ 2. NNC has produced uncontroverted

1  evidence that it was not involved in the actions of which Times complains; Times has produced no
2  evidence that NNC was involved in the events underlying this lawsuit.  NNC is therefore entitled
3  to summary judgment on all causes of action.

### III.  ORDER

For the foregoing reasons, the court grants NNC's motion for summary judgment.

DATED:     7/7/06

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

Neil R. Ison           info@isonlaw.com

**Counsel for Defendants:**

Scott J. Ferrell         sferrell@calljensen.com
David Richard Sugden    dsugden@calljensen.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 7/7/06                              /s/ JH
                                    **Chambers of Judge Whyte**